UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM.NO.24-cr-267 (KMW) |
| | : | |
| ADRIENNE PONZO | : | |

**MOTION TO STAY PROSECUTION AND TO JOIN THE GIRAUD LITIGATION CHALLENGING THE AUTHORITY OF ALINA HABBA AS ACTING UNITED STATES ATTORNEY FOR THE DISTRICT OF NEW JERSEY**

TO:   Honorable Karen M. Williams
      United States District Judge
      District of New Jersey

Defendant Adrienne Ponzo, through undersigned counsel Troy A. Archie, respectfully moves for entry of an order staying this prosecution and permitting her to join or intervene in the consolidated litigation pending before Chief Judge Matthew W. Brann concerning the lawfulness of Alina Habba's service as Acting United States Attorney for the District of New Jersey. This relief is necessary to protect Ms. Ponzo's due process rights, avoid inconsistent outcomes, and prevent unconstitutional prejudice arising from prosecutorial actions authorized or supervised by an official whose authority multiple federal courts have held to be unlawful.

On August 21, 2025, Chief Judge Brann issued a detailed seventy-seven-page opinion concluding that Ms. Habba has not lawfully exercised the functions and duties of the United States Attorney for this District since July 1, 2025, that her actions since that date may be declared void, and that she must be disqualified from participating in any ongoing criminal matters. *United States v. Giraud*, Case 1:24-cr-00768-MWB Doc.144, Memorandum Opinion dated Aug. 21, 2025, at 2–3.   The opinion explains that her continued service was the result of a series of unlawful maneuvers designed to circumvent the statutory limits imposed by 28 U.S.C. § 546(c), the judicial-appointment mechanism of § 546(d), and the Federal Vacancies Reform Act. The court further held that § 546(d) is a judicial "hard stop" that prevents the Executive from extending interim service beyond the 120-day statutory limit or by installing post-vacancy "first assistants" to manufacture succession.

1

The ACDL-NJ's amicus submission Case 1:24-cr-00768-MWB Doc. 112 underscores that these defects are not confined to the defendants in Giraud and Pina, but have district-wide consequences affecting hundreds of prosecutions. That filing emphasizes that the Government has asserted the unprecedented position that Ms. Habba may continue supervising all pending matters even if her appointment is unlawful, a position that raises systemic constitutional concerns for all defendants in the District of New Jersey.

The Third Circuit heard the *Habba* appeal on October 20, 2025, with oral arguments taking place in Philadelphia. No decision has been issued to date. However, Federal courts outside this District have already granted relief under materially similar circumstances. In *United States v. James* and *United States v. Comey*, judges of the Eastern District of Virginia dismissed indictments where an unlawfully appointed Interim U.S. Attorney was the sole prosecutor presenting cases to the grand jury, holding that violations of § 546 and the Appointments Clause rendered the proceedings invalid. These rulings further demonstrate the fundamental importance of ensuring that criminal prosecutions proceed only under lawfully appointed officials.

Although the indictment in this matter was signed by a duly authorized United States Attorney, subsequent prosecutorial decisions affecting Ms. Ponzo—including plea negotiations, approvals, supervisory reviews, authorizations, and strategic determinations—have occurred under Ms. Habba's asserted authority. Under Chief Judge Brann's August 21, 2025 decision, such actions may be void, and Ms. Habba may not legally participate in any ongoing cases. Proceeding in this posture exposes Ms. Ponzo to structural constitutional harm. If she accepts a plea offer, the validity of the negotiation may later be challenged as ultra vires. If she rejects it, she may lose the benefit of a resolution that was never lawfully authorized. Any continued litigation risks inconsistent outcomes, void proceedings, and irreparable unfairness to Ms. Ponzo.

The issues presented here overlap entirely with those being litigated in *Giraud* and *Pina* and cannot be meaningfully separated from them. Consistency, judicial economy, and equal protection of the law require that Ms. Ponzo be permitted to join or adopt the arguments already

2

fully briefed before Chief Judge Brann. Numerous matters have already been stayed pending resolution of these issues, and continued litigation in this case would risk producing inconsistent rulings within the same District on the same fundamental question: whether Ms. Habba possessed lawful authority to exercise prosecutorial power.

For these reasons, Ms. Ponzo respectfully requests that the Court stay all proceedings in Criminal No. 24-cr-267 (KMW), including the sentencing currently scheduled for December 3, 2025 at 11:00 a.m. and pending the Third Circuit's final decision in *United States v. Habba* and the consolidated Giraud litigation  pending issuance of the Third Circuit's ruling in the Giraud matters; permit her to join or intervene in the consolidated Giraud and Pina litigation and any related appellate proceedings; direct the Government to state what procedures govern supervisory approvals within the U.S. Attorney's Office while Ms. Habba's authority remains in dispute; and grant such further relief as the Court deems just and proper.

Dated: November 26, 2025                                Respectfully submitted,

                                                   /s/ Troy A. Archie, Esq.
Attorneys for Defendant Adrienne Ponzo
AFONSO ARCHIE LAW P.C.
21 Route 130 South
Cinnaminson, NJ 08077
Phone: (856) 786-7000
Email:  archie@aanjlaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing served via the Electronic Case Filing this 26th day of November, 2025, upon the following:

Daniel Aaron Friedman, AUSA
Jason M. Richardson, AUSA
U.S. Attorney's Office - District Of New Jersey
401 Market Street
Camden, NJ 08101

Defendant`s Counsel

Respectfully submitted,

/s/ Troy A. Archie, Esq.
Attorneys for Defendant Adrienne Ponzo
AFONSO ARCHIE LAW P.C.
21 Route 130 South
Cinnaminson, NJ 08077
Phone: (856) 786-7000
Email: archie@aanjlaw.com